**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Harold M.,<br><br>Plaintiff,<br><br>v.<br><br>Frank Bisignano, Commissioner of Social Security,<br><br>Defendant. | Case No. 2:25-cv-01484-DJA<br><br>**Order** |

Plaintiff appeals the Administrative Law Judge's ("ALJ") decision finding him not disabled. He asks that the Court reverse the ALJ's decision and remand for immediate payment of benefits because the ALJ failed to properly evaluate the opinion of Dr. Chad Hartley, Plaintiff's treating physician. The Court agrees in part and reverses the Commissioner's decision, but remands the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g) rather than for immediate award of benefits.

**I. The ALJ's evaluation of Dr. Hartley's opinion.**

Plaintiff's case has had a long history. Plaintiff applied for supplemental security income on December 1, 2010. (ECF No. 14 at 3). An ALJ ultimately decided to deny benefits on August 28, 2013, which decision the Appeals Council remanded on December 6, 2014. (*Id.*). The ALJ presided over a second hearing and decided to deny benefits, which decision became the final decision of the Commissioner on March 23, 2016. (*Id.*). Plaintiff appealed that decision and, on March 18, 2019, this Court remanded for further administrative proceedings. (*Id.*). The ALJ issued another decision to deny benefits on March 3, 2023, which decision became the final decision of the Commissioner on June 12, 2025. (*Id.* at 3-4). Plaintiff then appealed that decision to this Court.

Given the age of Plaintiff's case, the pre-2017 regulations apply to the ALJ's review of physician opinions. *See Farlow v. Kijakazi*, 53 F.4th 485, 488 n.3 (9th Cir. 2022) (explaining that the Social Security Administration altered regulations which govern the evaluation of medical evidence for claims filed on or after March 27, 2017). In evaluating claims brought before March 27, 2017, courts "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The medical opinion of a claimant's treating doctor is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 416.927(c)(2). When a treating doctor's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization. 20 C.F.R. § 416.927(c)(1)-(6). It is reversible error if an ALJ fails to address these factors when finding a treating doctor's opinion not to be controlling. *See Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017).

In coming up with the RFC here, the ALJ assigned little weight to Dr. Hartley's opinions assessing restrictive physical limitations. (AR 1653). Plaintiff asserts that this was error because Dr. Hartley was his treating physician and because, amongst other arguments, the ALJ failed to address the factors outlined in 20 C.F.R. § 416.927(c). Indeed, while the ALJ explicitly considered supportability and consistency (AR 1646-47, 1653-54, and 1659), the ALJ did not explicitly consider the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, or specialization. This is reversible error. *See Trevizo*, 871 F.3d 676. So, the Court grants Plaintiff's motion for remand on this ground.

**II. Scope of remand.**

The Court does not, however, remand for immediate payment of benefits. Although a court should generally remand to the agency for additional investigation or explanation, a court

has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). A remand for immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler*, 775 F.3d at 1099). Under the Ninth Circuit's credit-as-true test, three elements must be satisfied to remand for an award of benefits. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)

First, the Court must conclude the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* Second, the Court must find that the record has been fully developed and further administrative proceedings would serve no useful purpose. *Id.* Third, the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* at 1021. Even where a claimant satisfies all elements, the Court has flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.*

The first part of the credit as true test is only partially met. The Court has found the ALJ committed error in failing to consider *all* of the 20 C.F.R. § 416.927(c) factors when discounting Dr. Hartley's opinion, but the ALJ did consider two of those factors. The second part of the credit as true test is met because the record has been fully developed over the course of three hearings. The third part of the credit as true test is not met. Considering the inconsistencies between Dr. Hartley's opinions and the overall record, it is unclear whether the ALJ would be required to find Plaintiff disabled on remand if he credited Dr. Hartley's opinions as true. Additionally, given the ALJ's statements regarding inconsistencies in Plaintiff's reporting of his drug use, of his date last worked, of his symptoms, and one doctor's note that Plaintiff was possibly misrepresenting his symptoms, the record creates some doubt as to whether Plaintiff is disabled. (AR 1657-58). Accordingly, remand for further administrative proceedings is the appropriate remedy.

The Court limits this remand to the ALJ's failure to consider the 20 C.F.R. § 416.927(c) factors. The Court denies Plaintiff's motion for remand on the other grounds he seeks.

The Court does not find that the ALJ erred by finding that unexplained internal inconsistencies between Dr. Hartley's June 2013 and December 2013 opinions were a basis to discount his opinion, despite the existence of certain internal consistencies. Dr. Hartley's opinion was contradicted by the opinion of another doctor,[1] and so, the ALJ was only required to provide specific and legitimate reasons to reject it. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). Even though some portions of Dr. Hartley's June 2013 and December 2013 opinions were consistent, the Court finds that the internal inconsistencies were sufficiently specific and legitimate reasons to reject Dr. Hartley's opinion.

The Court also does not find that the ALJ erred by not incorporating certain portions of Dr. Hartley's opinion that were consistent with one another into the RFC. Plaintiff relies on SSR 96-8p for this argument. But SSR 96-8p provides that if "the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." It does not say that if the RFC assessment conflicts with a *portion* of an opinion from a medical source, the adjudicator must explain why that *portion* was not adopted. And Plaintiff does not point to caselaw to support this interpretation. Without more robust argument, the Court is not inclined to read SSR 96-8p so narrowly.

The Court is also not persuaded by Plaintiff's argument that the ALJ erred in finding that Dr. Hartley's opinion was not consistent with normal objective findings throughout the record given Plaintiff's April 2, 2013, spine surgery, which surgery Plaintiff asserts is "the ultimate objective evidence." The Court "may not reweigh evidence or substitute [its] judgment for that of

---

[1] While the ALJ did not expressly find that Dr. Hartley's opinion was contradicted by any of the other physicians, the Court can infer from the record that on at least two points Dr. Hartley's opinion was inconsistent with Dr. R. Kirby Reed's—lifting and carrying; and standing, walking, and sitting. *Compare* (AR 1647) *with* (AR 1653). *See Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017) (explaining that although an ALJ did not expressly find that a treating physician's opinion was contradicted by other physicians' opinions, the court could infer from the record that the treating physician's opinion was inconsistent with another physician's opinions on two points). Given this contradiction, the Court is not convinced by Plaintiff's argument that the ALJ erred by failing to compare Dr. Hartley's opinion to other opinion evidence of record.

the ALJ" and so, does not reweigh the evidence of Plaintiff's spine surgery here. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021).

Plaintiff's remaining arguments, that Plaintiff was disabled for two years before his spine surgery and that Plaintiff's post-surgery improvement was short lived, are underdeveloped. Plaintiff does not connect these arguments to his overarching argument that the ALJ erred in discounting Dr. Hartley's opinion. So, the Court does not find that they establish a basis for the Court to reverse and remand the ALJ's decision. *See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (explaining that courts only address well developed arguments).

**IT IS THEREFORE ORDERED** that Plaintiff's brief on appeal (ECF No. 14) is **granted in part** on the issue of the ALJ's failure to consider all the factors outlined in 20 C.F.R. § 416.927(c).

**IT IS FURTHER ORDERED** that the Commissioner's final decision is **reversed** and **remanded** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g) for the ALJ to consider the factors outlined in 20 C.F.R. § 416.927(c).

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: September 22, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE